IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FABIAN VALDOVINOS-PEREZ                                    PETITIONER

v.                                         CIVIL ACTION NO. 3:25-cv-684-KHJ-MTP

WARDEN CHILDRESS                                          RESPONDENT

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Fabian Valdovinos-Perez's Petitions [1] [4] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petitions [1] [4] be dismissed without prejudice for Petitioner's failure to exhaust administrative remedies prior to filing the Petition.

## BACKGROUND

On September 14, 2015, Petitioner was sentenced in the United States District for the Western District of Washington to a 15 year term of imprisonment and 5 year term of supervised release for conspiracy to distribute a controlled substance, possession of methamphetamine and heroin with intent to distribute, illegal alien in possession of firearm, and possession of a firearm in furtherance of a drug trafficking offense. *See* [10-1] at 6-7.

On September 10, 2025, while housed at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), Petitioner filed a Petition [1] for Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that he earned First Step Act ("FSA") time credit,[1] which the Bureau of Prisons ("BOP") erroneously refuses to apply to his sentence. Because the Petition [1]

---

[1] *See* 18 U.S.C. § 3632. The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions in their sentences.

1

was not sworn as required by 28 U.S.C. § 2242 and sometimes referred to "Ervin Sales Temaj" as the Petitioner rather than Valdovinos-Perez, the Court ordered Petitioner to complete a form § 2241 Petition for Writ of Habeas Corpus. *See* Order [3].

On January 20, 2026, Petitioner filed the form Petition [4] for Writ of Habeas Corpus under 28 U.S.C. § 2241, again requesting that his earned FSA time credit be applied to his sentence. On March 19, 2026, Respondent Warden Childress filed a Response [10], arguing that the Petition should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing this action and because Petitioner is ineligible to receive FSA credits because he is serving time for an excludable offense.

Petitioner filed a Reply [11] on March 30, 2026.

## ANALYSIS

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008).

There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller v. Rich*, 11 F.3d 61, 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner

seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Pursuant to 28 C.F.R. §§ 542.13-542.15, the BOP has a multi-step administrative process for resolving prisoner complaints. Initially, an inmate must attempt to informally resolve the complaint with staff. Thereafter, the inmate must submit a request for administrative remedies to the warden. If the inmate is dissatisfied with the warden's response, he may appeal to the Regional Director. If the inmate remains dissatisfied, he may proceed to the final step of the grievance process, an appeal to the BOP's Office of General Counsel. *See* 28 C.F.R. §§ 542.13-542.15; [8-1] at 2.

Respondent asserts that Petitioner did not initiate the administrative remedies process, much less exhaust the process. In support, Respondent provides a declaration from Amy Landers, a paralegal at FCC Yazoo City, stating that Petitioner did not file any formal requests concerning his earned credits. *See* [10-1] at 3, 15-16.

Petitioner provides several reasons for failing to exhaust his administrative remedies. First, in his initial Petition [1], Petitioner argues that exhaustion is not required in this case because there is a "predetermined position," exhaustion would be futile, "exhaustion would serve no purposes beyond delay," and "the agency has demonstrated…inability to timely process administrative remedies." [1] at 6, 8. Petitioner, however, bears the burden of demonstrating the futility of administrative review. *See Fuller*, 11 F.3d at 62. Here, Petitioner raises general, conclusory allegations about what ordinarily occurs at the prison concerning administrative remedies but does not explain what efforts, if any, *he* made to exhaust his administrative remedies. Moreover, the fact that it takes time to exhaust administrative remedies does not excuse a petitioner from completing the process. The Supreme Court has held that even inmates

3

who may be entitled to immediate release must exhaust administrative remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973). The Supreme Court also noted that while exhaustion of remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Id*.

As for his argument that there is a "predetermined position" or a "predisposition NOT to apply FSA FTC's properly specifically to NON-citizens," "the fact that a petitioner believes his grievances will be denied does not make the remedy futile." [1] at 8; [11] at 2-3; *Ansari v. Ma'at*, 2022 WL 4493002, at *2 (W.D. La. Sept. 13, 2022); *see also Mercado-Pedroza v. Warden*, 2018 WL 1310008, at *3 (E.D. Tex. Feb. 13, 2018) ("the fact that petitioner believes his appeals would be denied or not responded to is not sufficient to establish the extraordinary circumstances required to excuse exhaustion"). "Even if the BOP is likely to deny relief, it does not make exhaustion futile." *Wy v. Berkebile*, 2008 WL 5262711, at *3 (N.D. Tex. Dec. 17, 2008).

In his Reply [11], Petitioner reasserts his delay and futility arguments, but he also alleges that the Director of BOP issued a memorandum directing BOP staff to "expand" the FSA. [11] at 3. If such a memorandum exists, it would undermine Petitioner's argument that exhaustion is futile. According to Petitioner, the BOP Director has specifically directed staff to expand the awarding of FSA credits.

Because Petitioner cannot show extraordinary circumstances that would warrant waiving the exhaustion requirement, the Petition should be dismissed without prejudice.[2]

---

[2] In addition to arguing that the Petition should be dismissed for failure to exhaust, Respondent argues that Petitioners' claim should be dismissed because he is ineligible to receive FSA time credits because he was convicted of violating § 924(c), possessing a firearm in furtherance of drug trafficking, which Respondent claims is a conviction specifically listed as precluding the application of any earned credit. [10] at 5. Petitioner argues that he has already finished serving his time for that offense and thus remains eligible to receive FSA time credits. [11] at 2. The

4

## CONCLUSION AND RECOMMENDATION

The record shows that Petitioner did not exhaust his administrative remedies, and he has failed to demonstrate any extraordinary circumstances that would warrant waiving the exhaustion requirement. Thus, the undersigned recommends that the Petitions [1] [4] for Writ of Habeas Corpus be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 9th day of April, 2026.

s/ Michael T. Parker
United States Magistrate Judge

---

undersigned declines to address the eligibility issue at this time and instead recommends dismissing Petitioner's claims without prejudice for failure to exhaust.